J-A10003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RYAN MICHAEL ADAMS | : | |
| | : | |
| Appellant | : | No. 1229 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 24, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0004422-2020

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: JUNE 10, 2022**

Ryan Michael Adams brings this direct appeal following his convictions of simple assault and harassment related to a brawl he had with his wife, Laura Heydt ("Complainant"), on a Saturday morning at their marital residence in front of their minor children. Upon review, we affirm.

Adams and Complainant were married and separated. Adams remained in the martial residence, and Complainant moved out. The two had a custody order relating to their two children, which gave Complainant custody of the children from 9 a.m. on Saturday until 6:00 p.m. on Sunday, on alternate weekends. In addition, Complainant possessed a court order permitting her access to the marital residence between 9:00 a.m. and 9:00 p.m., provided she affords Adams with at least two hours of notice of her arrival.

On Friday, September 6, 2019, Complainant texted Adams to inform him that the following day she would be collecting some items from the marital residence as well as picking up the children. When Complainant arrived at the house in the morning of Saturday, September 7, 2019, Adams did not answer the front door despite Complainant's repeated knocking. Consequently, Complainant entered the residence through a window. Complainant then began to sort through certain items that she and Adams had agreed to split.

When Adams discovered Complainant in the residence, a physical altercation began. The squabble included the parties kicking, hitting, pushing, biting, and pulling hair. Because Adams understood that Complainant would be making a video recording while in the residence, Adams took Complainant's cell phone and threw it into a toilet. After retrieving her phone, Complainant retreated to her car with the children, and Adams contacted the police.

Adams was charged with strangulation, simple assault, and harassment. The Commonwealth proposed a plea agreement wherein Adams would waive a preliminary hearing in exchange for dismissal of the strangulation charge. It was intended that after attending "batterer's intervention" counseling, Adams would plead only to the charge of harassment. The Commonwealth withdrew the charge of strangulation, and eventually Adams completed the counseling.

However, the plea agreement dissolved when the Commonwealth presented the amount of restitution it expected Adams to pay.[1]

The matter proceeded to a nonjury trial on July 22, 2021, and the court convicted Adams of simple assault and harassment. On August 24, 2021, the trial court sentenced Adams to serve a term of probation of 12 months and scheduled a hearing to determine the amount of restitution. Adams filed a timely post-sentence motion, which the trial court denied.

Adams filed a notice of appeal on September 14, 2021. Subsequently, the trial court held a hearing on the restitution matter and ordered Adams to pay $328.14 to the National Recovery Agency, $104.94 to Complainant, and $7,048.60 to WellSpan Health. Adams did not file a post-sentence motion following the imposition of restitution. On appeal, Adams questions whether the verdict was against the weight of the evidence, the Commonwealth improperly changed the terms of a plea agreement, and the trial court's award of restitution was an abuse of discretion.

_____

[1] On February 10, 2021, the trial court entered an order stating:

> The parties had negotiated an agreement in this case. In fact, [Adams] did complete a program in order to enter into that agreement. However, it has come to light that there is a significant restitution claim which would not allow for the agreement that was previously put in place.

Order, 2/10/21, at 2.

First, we address Adams's claim that the verdict was against the weight of the evidence. Basically, Adams argues that he and Complainant presented somewhat differing versions of the incident, and his account should have been credited by the trial court. Pertaining to the conviction of simple assault,[2] Adams asserts that he also suffered physical bruising consistent with that of Complainant, and the Commonwealth failed to present expert medical testimony to support Complainant's claim that she had suffered a concussion. As for the harassment conviction,[3] Adams contends his actions were an effort to remove Complainant from the residence and not intended to harass, annoy, or alarm her.

---

[2] A conviction for simple assault is sustained where the Commonwealth establishes that the defendant attempted to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is defined by statute as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. Substantial pain may be inferred from the circumstances surrounding the physical force used. **See Commonwealth v. Smith**, 848 A.2d 973, 976 (Pa. Super. 2004).

[3] The crime of harassment is defined, in relevant part, as follows:

**§ 2709. Harassment.**

(a) *Offense defined.* --A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

> (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

18 Pa.C.S.A. § 2709(a)(1).

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part or none of the evidence and to determine the credibility of witnesses. ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999) (citation omitted). When considering a motion that a verdict was against the weight of the evidence, a "trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. Chamberlain***, 30 A.3d 381, 396 (Pa. 2011) (citation omitted).

This Court's standard of review of a trial court's decision regarding a weight of the evidence claim is limited to determining whether the trial court palpably abused its discretion in concluding that the verdict was or was not against the weight of the evidence. ***See Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Commonwealth v. Talbert***, 129 A.3d 536, 546 (Pa. Super. 2015) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted).

The trial court, sitting as the finder of fact, chose to believe the evidence presented by the Commonwealth and the logical inferences derived therefrom, as was its right. In addressing Adams's challenge to the weight of the evidence the trial court stated, "[B]ecause [Adams] admitted to stealing and destroying [Complainant's] iPhone with the intent to dispose of the only physical evidence capturing the physical altercation between [Adams] and [Complainant], the trial court, sitting as the finder of fact and in the position to weight the credibility of each witness and all of the evidence, likely found [Adams's] testimony to lack credibility." *See* Trial Court Opinion, 11/15/21, at 10. The trial court went on to conclude that the verdict "was not so contrary to the evidence as to shock one's sense of justice, and the trial court did not abuse its discretion when finding [Adams] guilty of Simple Assault and Harassment."

It was within the province of the trial judge as factfinder to resolve all issues of credibility, resolve any conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence, and ultimately adjudge Adams guilty. The trial court weighed the evidence, credited Complainant's testimony, specifically found Adams's testimony to lack credibility, and concluded Adams committed the crimes of simple assault and harassment. The trial court did not err in concluding the verdict was not so contrary to the evidence so as to shock one's sense of justice. While the case presented the trial court with concerning behavior by both parties and contradicting versions of the incident, the evidence offered by Complainant

regarding the altercation established the elements of the crimes. Accordingly, we conclude that the trial court did not abuse its discretion in determining Adams's weight of the evidence claim lacks merit.

Adams next argues that he was entitled to specific performance of a plea agreement. In essence, he claims that he detrimentally relied upon a plea offer when he waived his right to a preliminary hearing. Adams posits that, by waiving the preliminary hearing, he somehow was precluded from obtaining Complainant's medical records.

Pennsylvania Rule of Criminal Procedure 590 governs pleas and plea agreements and provides, in relevant part:

(B) Plea agreements.

(1) At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement…

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590(B).

This Rule has been interpreted by our [S]upreme [C]ourt to mean that no plea agreement exists unless and until it is presented to the court. Our [S]upreme [C]ourt has also held that [w]here a plea agreement has been *entered of record* and has been *accepted* by the trial court, the [Commonwealth] is required to abide by the terms of the plea agreement. … However, prior to the *entry* of a guilty plea, the defendant has no right to specific performance of an 'executory' agreement.

- 7 -

*Commonwealth v. McElroy*, 665 A.2d 813, 816 (Pa. Super. 1995) (citations and internal quotation marks omitted; emphasis in original).

Adams asserts the Commonwealth is bound to enforcement of a plea offer when the Commonwealth induces action of a defendant in reliance on the offer, and the defendant takes steps on those actions. *See* Appellant's Brief at 26. However, the trial court observed that the original plea agreement had neither been entered of record nor accepted by the trial court and was not enforceable. *See* Trial Court Opinion, 11/15/21, at 11. Likewise, our review of the record reflects that neither entry nor acceptance of a plea offer occurred here. Consequently, Adams is not entitled to specific performance.

We acknowledge that this Court has previously carved out a separate, but narrow, path for specific enforcement of a plea offer where fundamental fairness commands it. *See Commonwealth v. Mebane*, 58 A.3d 1243 (Pa. Super. 2012). In *Mebane*, the Commonwealth extended a plea offer to Mebane, who accepted it. At that time, neither party was aware of the trial court's ruling on a pending suppression motion. At some point after Mebane accepted the plea offer, but before the guilty plea hearing, the Commonwealth learned that the trial court had denied Mebane's suppression motion. The Commonwealth did not convey this information to Mebane.

On the day set for the guilty plea hearing, the Commonwealth, armed with the knowledge that the trial court had not suppressed incriminating evidence, withdrew its plea offer. Ultimately, this Court determined that the

Commonwealth acted inappropriately in not disclosing that the trial court had denied Mebane's suppression motion and, therefore, found that enforcement of the plea offer was in the interest of justice. **See Mebane**, 58 A.3d at 1249. Specifically, we found that in light of the Commonwealth's bad faith in revoking the plea offer, Mebane was entitled to the benefit of the withdrawn plea bargain. Those circumstances do not exist here.

There are no special circumstances here that would warrant enforcement of a plea agreement that had not yet been accepted by the trial court. The trial court explained that "waiver of the preliminary hearing was never a condition of the plea offer[.]" Trial Court Opinion, 11/15/21, at 12. As the trial court further explained, "There is no indication that waiving the preliminary hearing was a condition of the plea offer, but instead completing counseling was the only condition of the offer." **Id**. The trial court ultimately found that the plea offer did not induce Adams to waive his right to a preliminary hearing. **See id**. No extraordinary circumstances existed here that would have permitted the trial court to exercise its discretion to direct the Commonwealth to honor a plea agreement that had not yet been effectuated by colloquy.[4]

---

[4] We note that Adams has conveniently omitted from his argument the fact that the Commonwealth acted in good faith when it withdrew the charge of strangulation after it presented its plea offer to Adams.

Accordingly, the standard rule applies. Because the agreement was never presented to and accepted by the trial court, Adams is not entitled to enforcement of the agreement. ***See Commonwealth v. Martin***, 5 A.3d 177, 196 (Pa. 2010).

To the extent Adams contends he detrimentally relied on the plea offer when he waived his preliminary hearing, we conclude he has failed to establish his waiver was to his detriment. "The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." ***Commonwealth v. Tyler***, 587 A.2d 326, 328 (Pa. Super. 1991). Since Adams does not allege his innocence of the crimes, he cannot establish that he suffered any harm for waiving his preliminary hearing.

Adams last argues that the trial court abused its discretion in awarding restitution. Adams avers that the amount of the medical bills was unsupported by factual evidence linking the medical treatment received by Complainant to the incident.

Adams's challenge implicates the discretionary aspects of sentencing. ***See Commonwealth v. Weir***, 239 A.3d 25, 38 (Pa. 2020) (explaining that a challenge to the amount of restitution based on evidence presented by the Commonwealth is a challenge to the discretionary aspects of sentencing). It is well settled that there is no absolute right to appeal the discretionary

aspects of a sentence. *See Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citation and brackets omitted).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *See Moury*, 992 A.2d at 170 (citation omitted). Further, we are mindful that a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's discretionary aspects of sentencing argument. *See Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006). However, we are precluded from reaching the merits of the

claim when the Commonwealth lodges an objection to the omission of the statement. *Id*. (citation omitted). *See also Commonwealth v. Farmer*, 758 A.2d 173, 182 (Pa. Super. 2000) (observing that we may not reach the merits of discretionary aspects of sentencing claims where the Commonwealth has objected to the omission of a Pa.R.A.P. 2119(f) statement and finding the issue to be waived).

Herein, the first requirement of the four-part test is met because Adams timely brought this appeal. However, Adams failed to meet the second prong because he did not file a post-sentence motion preserving his issue in the trial court. Moreover, the third requirement is not met. Specifically, Adams failed to include in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). The Commonwealth is aware of the omission and has objected to it by stating that Adams's failure to include a Rule 2119(f) statement in his appellate brief requires this Court to refrain from addressing the claim. *See* Commonwealth's Brief at 22-23. Therefore, Adams's issue is waived, and we are precluded from addressing its merits on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/10/2022